### JOHN F. SANFORD *vs.* MIRON ALLEN & Trustee.

Where the promisor of a note, which is guarantied as " perfectly good and collecti ble," is insolvent at the time and continues to be so, the holder is not obliged to institute legal proceedings against him, and to prosecute the same to judgment and execution, before resorting to the guarantor.

THE defendant, being the holder of a promissory note, signed by William Williams, for ninety-three dollars, payable to the defendant or bearer by the 1st of April, 1841, on which, under date of April 15th, 1841, was indorsed a payment of forty-four dollars, sold and delivered the same to the plaintiff, and, at the same time, gave the plaintiff a writing, signed by himself, of which the following is a copy :

" This certifies, that I have this day sold to J. F. Sanford a note against William Williams, of Egremont, Mass., amounting now to forty-eight dollars ninety cents, (originally ninety-three dollars,) which note I do guaranty to the said Sanford to be perfectly good and collectible.

(Signed)     Miron Allen.

North Ridgeville, August 5th, 1841."

40*

The plaintiff brought this action for a breach of the guaranty, and, on the trial in the court of common pleas, before *Forbes*, J., introduced evidence to prove that he demanded payment of the note of Williams, within a reasonable time after the 5th of August, 1841 ; that Williams refused to pay the same ; that he gave the defendant notice of such demand and refusal ; that, on the 5th of August, 1841, Williams had not sufficient property to pay the amount due on the note, but had then disposed of his property ; and that he had ever since been entirely unable to pay the note.

The defendant contended, that, in order to entitle the plaintiff to maintain this action, he must also prove that he had endeavored to collect the note of Williams by a suit prosecuted to judgment and execution.

The judge ruled otherwise, and instructed the jury, that if Williams was insolvent and wholly unable to pay the note, at the date of the guaranty, and had continued to be so ; that if he had no property, out of which an execution could have been satisfied, either wholly or in part ; and that a judgment and execution against him would have been of no avail, the plaintiff might recover in this action, without proving the existence of such judgment and execution.

The jury rendered a verdict for the plaintiff for the amount due on the note, and the defendant alleged exceptions.

*B. Palmer*, for the defendant, argued, that the concluding words of the guaranty, " good and collectible," referred to the ordinary mode and course of collecting debts, and that the plaintiff took upon himself the duty of employing all the usual means for that purpose. Witnesses could not know whether the debt was collectible or not ; the only mode of proof was the issuing and service of an execution ; and the agreement indicated that the plaintiff was to prosecute the claim by a suit, if necessary.

*I. Sumner*, for the plaintiff, was stopped by the court.

By the Court. We think that the instructions of the judge at the trial in the court of common pleas were correct. In the case of *Marsh* v. *Day*, 18 Pick. 321, the terms, " good

and collectible," used in the guaranty of a note, were held to mean " capable of being collected." But it does not require the obtaining of a judgment, and an execution returned unsatisfied, as the only evidence that it is incapable of being collected. In the case referred to, suits had been commenced but apparently not prosecuted to judgment. It may be made a condition precedent, if such is the contract of the guarantor ; but it was not, we think, so made in this guaranty, and therefore the fact might be proved by other competent evidence.

*Exceptions overruled and judgment on the verdict for the plaintiff.*